## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **JACKSON STALLINGS and wife,** | § | |
| **SHEILA STALLINGS,** | § | |
|     **Plaintiffs,** | § | |
| | § | |
| **VS.** | § | **Case No. 4:12-cv-00632** |
| | § | |
| **CITIMORTGAGE, INC., FEDERAL HOME** | § | |
| **LOAN MORTGAGE CORP., and** | § | |
| **UNKNOWN PARTIES,** | § | |
|     **Defendants.** | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is Defendants CitiMortgage, Inc. ("CitiMortgage") and Federal Home Loan Mortgage Corporation's ("Freddie Mac") Motion to Dismiss Plaintiffs' First Amended Complaint (Dkt. 12).  As set forth below, the Court finds that the motion should be GRANTED in part and DENIED in part.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On or about June 2000, Plaintiffs Jackson and Sheila Stallings purchased a home located at 2453 Breanna Way, Little Elm, Texas 75068 ("the Property").  *See* Dkt. 8 at ¶ 8.  On or about March 8, 2002, Plaintiffs refinanced their mortgage loan and signed a Promissory Note ("Note") payable to Principal Residential Mortgage, Inc. secured by a Deed of Trust.  *Id.* at ¶ 9.  Plaintiffs allege that on or about August 5, 2011, Mortgage Electronic Registration System, Inc. ("MERS"), as nominee for Principal Residential Mortgage, Inc, assigned the Note and Deed of Trust to Defendant CitiMortgage, Inc.  *Id.*  According to Plaintiffs, due to economic difficulties Plaintiffs were unable

to stay current on paying their mortgage. *Id.* at ¶ 10.

On or about October 6, 2011, Plaintiffs allege, Defendant CitiMortgage rejected and returned Plaintiffs' payment stating the amount was insufficient to cure the delinquency. *Id.* at ¶ 11. Plaintiffs then applied for a loan modification and claim to have contacted Defendants about a repayment plan starting around October 13, 2011 up until August 8, 2012. *Id*. at ¶¶ 12-24. According to Plaintiffs, the Property was ultimately foreclosed upon on August 7, 2012. *Id*. at ¶ 48.

On or about September 12, 2012, Plaintiffs filed suit in the 431st Judicial District Court of Denton County, Texas and the matter subsequently was removed to this Court on October 5, 2012. *See* Dkt. 1.

Since removal, Plaintiffs have amended their original complaint to assert the following causes of action against Defendants CitiMortgage, Inc., Freddie Mac, and "Unknown Parties"[1]: (1) RESPA violations; (2) breach of contract and anticipatory breach of contract; (3) common law tort of unreasonable collection efforts; (4) violations of the Deceptive Trade Practices Act and Texas Debt Collection Practices Act; (5) negligent misrepresentation; and (6) suit to quiet title and trespass to try title. *See* Dkt. 8. Plaintiffs also seek declaratory judgment, exemplary damages, (alleging that Defendants acted with malice), an accounting of all transactions on their mortgage loan, and attorneys' fees. *Id.*

---

[1]Plaintiffs allege that these Unknown Parties are "are parties whose identities and exact roles are yet to be confirmed but were either complicit in committing illegal acts, negligent, and/or malicious, and/or parties who acted with such reckless disregard for the law that they should be parties to the suit once additional discovery occurs." Dkt. 8 at ¶4. Discovery in this case closed on June 28, 2013, and no additional Defendants have been identified since.

Defendants CitiMortgage and Freddie Mac, have filed a motion to dismiss, seeking to dismiss all Plaintiffs' claims. *See* Dkt. 12. Defendants make the following arguments: (1) Plaintiffs have failed to state a RESPA, breach of contract, or anticipatory breach of contract claim; (2) the economic loss doctrine bars Plaintiffs' tort claims; (3) Plaintiffs fail to state a claim for unreasonable debt collections, a claim for violating the Texas Debt Collection Act, Deceptive Trade Practices Act, and negligent misrepresentation; and (4) Plaintiffs' claims for accounting, declaratory relief, and exemplary damages warrant dismissal. *Id.* Plaintiffs have filed a response in opposition. *See* Dkt. 15.

## STANDARD FOR MOTION TO DISMISS

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). A claim will survive an attack under Rule 12(b)(6) if it "may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S. Ct. 1955, 1969, 167 L. Ed.2d 929 (2007). In other words, a claim may not be dismissed based solely on a court's supposition that the pleader is unlikely "to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Id*. at 563 n.8.

Although detailed factual allegations are not required, a plaintiff must provide the grounds of his entitlement to relief beyond mere "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. The complaint must be factually suggestive,

3

so as to "raise a right to relief above the speculative level" and into the "realm of plausible liability."

*Id*. at 555, 557 n.5.  "To survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*,

556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009), (quoting *Twombly*, 550 U.S. at 570,

127 S. Ct. 1955)).  For a claim to have facial plausibility, a plaintiff must plead facts that allow the

court to draw the reasonable inference that the defendant is liable for the alleged misconduct.

*Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).  Therefore, "where the well-pleaded facts do

not permit the court to infer more than the mere possibility of misconduct, the complaint has

alleged – but it has not shown – that the pleader is entitled to relief."  *Id*. (internal quotations

omitted).

**ANALYSIS**

**<u>RESPA Violations</u>**

As their first cause of action, Plaintiffs argue that CitiMortgage never notified them that the

servicing of their loan was being transferred, thus violating RESPA provision 12 U.S.C. §2605(c)(2).

Dkt. 8 at ¶27.  The Court finds that Plaintiffs' RESPA claim has not been adequately stated because

the complaint fails to allege Plaintiffs' actual damages, as is required under 12 U.S.C. § 2605(f)(1).[2]

"[A] plaintiff must allege actual damages resulting from a violation of § 2605."  *Bittinger v. Wells*

*Fargo Bank NA*, 744 F. Supp.2d 619, 627 (S.D. Tex. 2010) (citing § 2605(f)(1)(A); *see also*

---

[2] 12 U.S.C. § 2605(f)(1) provides that "[i]n the case of any action by an individual, an amount equal to the sum of – (A) any actual damages to the borrower as a result of the failure; and (B) any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $1,000."

4

*Akintunji v. Chase Home Finance, L.L.C.*, 2011 WL 2470709, 2 (S.D. Tex. 2011).  Acknowledging the damages permitted by the statute, Plaintiffs merely alleged that they seek "the damages and costs afforded to them under RESPA."  Dkt. 8 at ¶28.   This does not rise beyond mere labels and conclusions to state a plausible claim.   And, in their Prayer for relief, Plaintiffs again fail to state how they were damaged by the alleged failure to provide notice of the transfer under RESPA, but merely seek an accounting pursuant to RESPA.  *See* Dkt. 8 at 20.   In Plaintiffs' response to the motion to dismiss, Plaintiffs merely assert  "Plaintiffs suffered emotional distress."   Dkt. 15 at 8. Not only do they fail to state that such distress was the result of the alleged RESPA violation, they have not amended their pleading to allege how they were damaged specifically in relation to their RESPA claim.   Defendants' motion raising these pleading deficiencies has been pending before the Court for more than 8 months, and Plaintiffs have not amended their complaint to address them.

Therefore, based on clear statutory language and requirement of a showing of actual damages under RESPA, the Court finds that Plaintiffs' RESPA claims should be dismissed.   *Kareem v. American Home Mortgage Serv., Inc.*, 479 Fed. Appx. 619, 620 (5th Cir. 2012) (affirming grant of summary judgment where there is no evidence of failure to comply with RESPA's requirements and no evidence of actual damages suffered).

### Breach of Contract/ Anticipatory Breach of Contract Claim

Plaintiffs' second cause of action is for breach of contract, wherein Plaintiffs base their claim on several theories.  Defendants argue that Plaintiffs' breach of contract and anticipatory breach of contract are not viable claims, and the Court agrees.

First, Plaintiffs argue that "[f]or there to be a valid assignment for purposes of foreclosure, both the note and the deed of trust must be assigned" and that "[w]hen the note is separated from the deed of trust, 'the note becomes, as a practical matter, unsecured.'"  Dkt. 8 at 30.  Plaintiffs specifically challenge MERS's authority to transfer the Note, and allege that Defendants breached the Deed of Trust, by selling the Property at a foreclosure sale without proper authority.   Dkt. 8 at ¶ 32.   The Court finds that allegations regarding Defendants' lack of authority to foreclose because MERS does not have the authority to transfer the Note are not sufficient to state a breach of contract claim.  Courts in this Circuit have consistently rejected Plaintiffs' "split the note theory." *Martins v. BAC Home Loans Servicing, L.P.*, 2013 WL 3213633, 4 (5th Cir. 2013) (The "split-the-note" theory is therefore inapplicable under Texas law where the foreclosing party is a mortgage servicer and the mortgage has been properly assigned."); *Wigginton v. Bank of New York Mellon*, 488 Fed. Appx. 868, 870,(5th Cir. 2012) (affirming dismissal of breach of contract and other claims that Texas law rejects split the note theory).  Without any factual distinctions by Plaintiffs, the Court declines to re-plow well harvested ground. *See, e.g., Richardson v. CitiMortgage, Inc.*, 2010 WL 4818556, at *5 (E.D. Tex. 2010) (rejecting the plaintiffs attack on MERS, and noting that "[u]nder Texas law, where a deed of trust, as here, expressly provides for MERS to have the power of sale, then MERS has the power of sale") (*citing Athey v. MERS,* 314 S.W.3d 161, 166 (Tex. App. Eastland 2010)); *Allen v. Chase Home Finance, LLC*, 2011 WL 2683192, at *3-4 (E.D. Tex. Jun. 10, 2011); *Anderson v. CitiMortgage, Inc.*, 2011 WL 1113494, at *1-2 (E.D. Tex. Mar. 24, 2011); *see also Santarose v. Aurora Bank FSB,* 2010 WL 2232819, at *5 (S.D. Tex. Jun. 2, 2010) (rejecting the argument that MERS lacked standing to foreclose and was not a real party in interest);

*Wiggington v. Bank of New York Mellon*, 2011 WL 2669071, at *3 (N.D. Tex. Jul. 7, 2011).

"Because the deed of trust specifically provided that MERS would have the power of sale, MERS

had the power of sale that was passed to U.S. Bank upon MERS's assignment." *DeFranchesci v.*

*Wells Fargo Bank, N.A.*, 2011 WL 3875338, at *4 (N.D. Tex. Aug. 31, 2011) (quoting *Richardson*,

2010 WL 4818556, at *5).    The Deed of Trust attached to Plaintiffs' complaint provides:

> TRANSFER OF RIGHTS IN THE PROPERTY
> The beneficiary of this Security Instrument is MERS (solely as nominee for Lender
> and Lender's successors and assigns) and the successors and assigns of MERS. This
> Security Instrument secures to Lender: (i) the repayment of the Loan, and all
> renewals, extensions and modifications of the Note; (ii) the performance of
> Borrower's covenants and agreements under this Security Instrument and the Note.
> For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with
> power of sale, the following described property...

Dkt. 8-1 at 3.  Also attached to Plaintiffs' complaint is an August 5, 2011 Assignment of Deed of

Trust assigning MERS's rights in the Deed of Trust to CitiMortgage, Inc.  *See* Dkt. 8-2.  Based on

the clear language of the Deed of Trust and Assignment, Plaintiffs have simply not shown any facts

that would give rise to a cognizable breach of contract claim here.

The Court also finds that Plaintiffs cannot base a breach of contract action on a theory that

Defendants breached the Deed of Trust by accelerating and foreclosing on the Property after

purportedly waiving its right to do so.  The Deed of Trust, attached to Plaintiffs' amended complaint,

expressly provides that "[a]ny forbearance by Lender in exercising any right or remedy … shall not

be a waiver of or preclude the exercise of any right or remedy."  Dkt. 8-1 at § 12.  The Court finds

that, given the express language of the Deed of Trust, Plaintiffs cannot base a breach of contract

action on this theory.

For these reasons, the Court also finds that no claim for anticipatory breach has been stated. In Texas, in order to prevail on a claim for anticipatory breach, a plaintiff must establish each of the following elements: (1) an absolute repudiation of the obligation; (2) a lack of a just excuse for the repudiation; and (3) damage to the non-repudiating party. *Gonzalez v. Denning*, 394 F.3d 388, 394 - 95 (5th Cir. 2004). Plaintiffs have not sufficiently stated these elements and specifically have not stated what obligations Defendants repudiated as to the underlying mortgage documents. Plaintiffs' allegation that "Defendants repudiated its [sic] obligations under the contracts," Dkt. 8 at ¶37 does not rise beyond mere labels and conclusions and therefore does not sufficiently state a claim. Therefore, any claims for breach of anticipatory contract should be dismissed.

And, because the Court has found that Plaintiffs have not stated a claim under RESPA, no breach of contract claim can be based on Plaintiffs' alleged RESPA violation.

The motion to dismiss these claims should be GRANTED, and Plaintiffs' breach of contract claim should be dismissed in its entirety.

**<u>Unreasonable Collection Efforts</u>**

Next, the Court turns to Plaintiffs' claims of the common law tort of unreasonable collection efforts. The standard for claims of unreasonable collection efforts under Texas law requires a showing of "a course of harassment that was willful, wanton, malicious, and intended to inflict mental anguish and bodily harm." *Water Dynamics, Ltd. v. HSBC Bank USA, Nat. Ass'n*, 2013 WL 363118, 2 (5th Cir. 2013) (citing *EMC Mortg. Corp. v. Jones,* 252 S.W.3d 857, 868 (Tex. App.– Dallas 2008) (noting that "[t]his is the standard for claims of unreasonable collection efforts."). As one court has noted, "[u]nreasonable collection efforts is a Texas common-law intentional tort that

lacks clearly defined elements." *B.F. Jackson, Inc. v. Costar Realty Info., Inc.*, 2009 WL 1812922, at *5 (S.D. Tex. 2009). The reasonableness of conduct is judged on a case-by-case basis. *Id.* (*citing Woodrum v. Bradley*, 1990 WL 151264, at *4 (Tex. App.-Houston [14th Dist.] 1990, writ denied). Generally, "mental anguish damages alone will not establish a right of recovery; the plaintiff must suffer some physical or other actual damages in order to be entitled to relief." *Id.*

Here, Plaintiffs allege that Defendants "assessed late fees and penalties against Plaintiffs' account, making foreclosure — the harshest collection effort — inevitable" and that "Defendants promised they would not foreclose" and did so anyway. Dkt. 8 at ¶ 42. Having reviewed the complaint, the Court finds that Plaintiffs have not alleged a course of harassment by Defendants or alleged facts that would show that Defendants acted willfully, wantonly, maliciously, or acted with the intent to inflict harm upon Plaintiffs. Allegations of a borrower's and lender's failure to communicate between themselves "fall far short of satisfying the current Texas standard requiring" for unreasonable collection efforts. *Water Dynamics, Ltd.*, 509 Fed. Appx. at 369-370. At best here, Plaintiffs have alleged such a failure of communication and a failure to modify their loan. *See, e.g., Thomas v. EMC Mortg. Corp.*, 499 Fed. Appx. 337, 342, 2012 WL 5984943, 3 (5th Cir. 2012) (affirming finding that lender's failure to clearly inform the borrowers of the amount owed on their loan and failure to approve borrowers for permanent loan modification was not the outrageous collection techniques needed to support an unreasonable collection efforts claim). They have not alleged a course of any collection activities that could be deemed harassing. Moreover, Plaintiffs do not sufficiently allege how any of Defendants' alleged activities were intended to cause them mental anguish and bodily harm. *Myers v. Bank of America, N.A.*, 2012 WL 1107687, 4 (E.D. Tex.

2012) (Schell, J.) ("These allegations do not meet the plausibility standard announced by the United States Supreme Court in *Twombly* and *Iqbal* in that there is no allegation that the Defendant's collection efforts were intended to inflict bodily harm."). Therefore, the motion to dismiss Plaintiffs' claim of the common law tort of unreasonable collection efforts should be GRANTED and that claim should be dismissed.

## Violations of the Texas Deceptive Trade Practices Act & Texas Debt Collection Practices Act

Next, Defendants seek dismissal of Plaintiffs' claims under the Texas Debt Collection Practices Act and the Texas Deceptive Trade Practices Act. In their amended complaint, Plaintiffs allege that Defendants violated the Texas Collections Practices Act, Texas Finance Code Sections 392.301(a)(8), 392.303(a)(2), 392.304(a)(8), 392.304(a)(19), and also seek damages under the Texas Deceptive Trade Practices Act pursuant to Section 17.50(b) of the Texas Business and Commercial Code. Dkt. 8 at ¶¶ 45-51.[3]

Section 392.301(a)(8) prohibits threatening to take an action prohibited by law. Plaintiffs have not sufficiently alleged any facts that would show any threats of actions prohibited by law. Plaintiffs claim that Defendants wrongfully accelerated and posted the Property for sale in breach

---

[3]The Court notes that the Texas Supreme Court has not yet addressed whether Defendants' actions fall within the scope of "debt collection" as contemplated under the Texas statute. *See Biggers v. BAC Home Loans Serv., LP*, 767 F. Supp.2d 725, 731 (N.D. Tex. 2011) ("The Texas Supreme Court has not yet addressed whether the act of foreclosure is a 'debt collection' under the TDCPA. Intermediate Texas appellate courts have decided cases involving foreclosure-related claims under the TDCPA without suggesting that foreclosures do not qualify as 'debt collection.' And intermediate Texas courts have held that acts related to foreclosing on real property can violate the TDCPA."). But, the Fifth Circuit has recently provided guidance in this regard and the Court proceeds accordingly. *See Miller v. BAC Home Loans Serv., L.P.*, __ F.3d. __, 2013 WL 4080717 (5th Cir. 2013) (finding that loan servicer and assignees are debt collectors under the TDCPA).

of the parties' agreement, but as noted above, Plaintiffs have not stated a breach of contract claim. Moreover, Section 392.301(b)(3) of the TDCPA specifically excludes the exercising of a "statutory or contractual right of seizure, repossession or sale that does not require court proceedings" from its provisions.  See TEX. FIN. CODE § 392.301(b)(3).   Therefore, the Court agrees those claims should be dismissed.

Section 392.303(a)(2) of the Texas Finance Code prohibits a debt collector from collecting or attempting to collect interest or charges not authorized by the Note, Deed of Trust or applicable law.  Plaintiffs' allege that Defendants "imposed wrongful charges (i.e. penalties, attorney fees, corporate advances)" on their mortgage account.  Dkt. 8 at ¶48.  The Court finds that Plaintiffs' claims under Section 392.303(a)(2) should be dismissed because, although Plaintiffs have alleged they are not liable for the charges imposed as a result of Defendants' actions, no facts are alleged in the complaint that would show that the charges were not authorized by the mortgage documents.

Finally, Section 392.304(a)(8) of the Texas Finance Code prohibits misrepresenting the character, extent or amount of consumer debt and Section 392.304(a)(19) prohibits the use of false representations or deceptive means to collect a debt or obtain information concerning a consumer. Here, Plaintiffs allege that, after their home was apparently sold at a foreclosure sale on August 7, 2012 – when Plaintiffs were told that they had until September 4, 2012 to continue the modification process – they received a letter dated August 8, 2012, from CitiMortgage stating it could not approve their application for modification and requesting additional information.  Plaintiffs claim that after that, they received a letter dated August 9, 2012 stating that CitiMortgage could not approve their modification request, and a letter dated August 10, 2012 stating that it could not approve any

11

mortgage assistance because the loan had been paid off.  *See* Dkt. 8 at ¶¶24, 48.  The Court finds that this sufficiently states facts to support an allegation that Defendants misrepresented the character, extent and amount of Plaintiffs' debt under Section 392.304(a)(8).

As to Plaintiffs' allegations under Section 392.304(a)(19), the Court finds that this too has been sufficiently stated.  Plaintiffs allege repeated requests from Defendants that they submit paystubs, bank statements, tax returns and other financial information as part of the promised modification.  *See, e.g.*, ¶¶ 17, 19 & 21.  Taking Plaintiffs' allegations as true, the Court finds that Plaintiffs have pled sufficient facts to survive dismissal of their TDCPA violation claim as to Sections 392.304(a)(8) and (a)(19).  *See Iqbal*, 129 S. Ct. at 1950.

As to any claims under the DTPA, Plaintiffs have not sufficiently stated how they are consumers under the Act, so any claims premised on that statute should also be be dismissed.  To establish a Texas Deceptive Trade Practices Act claim, a plaintiff must allege facts showing: (1) plaintiff is a consumer; (2) defendant can be sued under the DTPA; (3) defendant committed a wrongful act proscribed by the DTPA; and (4) defendant's wrongful act was the producing cause of plaintiff's damages.  *See* TEX. BUS. & COM. CODE §§17.41 *et seq.*  To meet the DTPA standing requirement, a complaining party must plead and prove that he or she is a "consumer" as defined in the DTPA. TEX. BUS. & COM. CODE § 17.50(a); *Burnette*, 2010 WL 1026968, at *9 (citing *Mendoza v. Am. Nat'l Ins. Co.*, 932 S.W.2d 605, 608 (Tex. App.– San Antonio 1996, no writ)).  To establish consumer status under the DTPA, a plaintiff must be "an individual ... who seeks or acquires by purchase or lease, any goods or services ...."  TEX. BUS. & COM. CODE § 17.45(4).  Generally, loans of money or extensions of credit are not considered "goods" or "services" that can form the basis of

a DTPA claim. *Gomez v. Wells Fargo Bank, N.A.*, 2010 WL 2900351, 3 (N.D. Tex. 2010) (where party was attempting to only borrow money and not purchase a good or a service, it did not satisfy the requirements for consumer status under the DTPA and therefore failed to state a claim pursuant to the Texas Deceptive Trade Practices Act); *Guardian Life Ins. Co. v. Kinder*, 663 F. Supp.2d 544, 553 (S.D. Tex. 2009); *La Sara Grain Co. v. First Nat'l Bank,* 673 S.W.2d 558, 567 (Tex. 1984); *Riverside Nat'l Bank v. Lewis,* 603 S.W.2d 169, 174 (Tex. 1980); *Maginn v. Norwest Mortgage, Inc.,* 919 S.W.2d 164, 166-67 (Tex. App. – Austin 1996, no writ).   However, a party who obtains a loan which is "inextricably intertwined" in the purchase or lease of a good or service may qualify as a consumer. *Knight v. Int'l Harvester Credit Corp.,* 627 S.W.2d 382, 389 (Tex. 1982) (finding that a bank customer qualified as a consumer because he sought financing to purchase a dump truck); *Flenniken v. Longview Bank & Trust Co.,* 661 S.W.2d 705, 707 (Tex. 1983) (holding that party was a consumer when party's mortgage loan was intertwined with contractor's agreement to build a house); *Fix v. Flagstar Bank, FSB*, 242 S.W.3d 147, 160 (Tex. App. – Fort Worth 2007, pet. denied) (the refinance of home equity loan cannot qualify as a good or a service under the DTPA); *Marketic v. U.S. Bank Nat. Ass'n*, 436 F. Supp.2d 842, 855 (N.D. Tex. 2006) (one who obtains a home equity loan does not obtain a "good" or a "service" to qualify as a consumer under the DTPA).   Here, Plaintiffs allege that they are consumers under the Texas Finance Code but have not alleged any facts to show how their loan was inextricably intertwined with a good or service such that they could bring a claim under the DTPA.   Defendants' motion should be GRANTED and any claims under the DTPA claim should be dismissed.   *See, e.g., Miller v. BAC Home Loans Serv., L.P.*, __ F. 3d __, 2013 WL 4080717 (5th Cir. 2013) (mortgagor could not state DTPA claim regarding alleged

13

misrepresentations during the course of loan modification was not consumer because complaint was

based on "pure loan transaction"); *James v. Wells Fargo Bank, N.A.*, 2013 WL 3240306, 2 (5th Cir.

2013) (affirming district court's findings that the plaintiffs' DTPA claims failed as a matter of law

because they were not consumers under the Act).

 Accordingly, the motion to dismiss should be GRANTED as to Plaintiffs' TDCPA claims

under Sections 392.301(a)(8) and 392.303(a)(2) of the Texas Finance Code, as well as the DTPA,

and DENIED as to Plaintiffs' TDCPA claims under Sections 392.304(a)(8) and (a)(19) of the Texas

Finance Code.

## Economic Loss Doctrine and Neligent Misrepresentation

 The Court next turns to Defendants' argument that Plaintiffs' negligent misrepresentation

claim are barred by the economic loss doctrine.  The economic loss doctrine has been applied

consistently to bar claims for negligence and other tort claims when the parties' relationship and its

attendant duties arise from a contract.  *See Southwestern Bell Tel. Co. v. Delanney* 809 S.W.2d 493,

494-95 (Tex. 1991) ("if the defendant's conduct . . . would give rise to liability only because it

breaches the parties' agreement, the plaintiff's claim ordinarily sounds only in contract," and

affirming dismissal of negligence claims based on breach of contractual duty); *see also Hugh Symons

Group v. Motorola, Inc.,* 292 F.3d 466, 470 (5th Cir.2002) (citing *Haase v. Glazner,* 62 S.W.3d 795,

799 (Tex. 2002)) (a plaintiff generally "may not recover in tort for claims arising out of an

unenforceable contract under the statute of frauds.").  Thus, "if the defendant's conduct ... would

give rise to liability independent of the fact that a contract exists between the parties, the plaintiff's

claims may also sound in tort." *Southwestern Bell Tel. Co.,* 809 S.W.2d at 494.  If, however, "the

14

defendant's conduct ... would give rise to liability only because it breaches the parties' agreement, the plaintiff's claim sounds only in contract." *Id.* In order to recover for a claim of negligent misrepresentation, a plaintiff must show an injury independent from the subject matter of the contract. *D.S.A., Inc. v. Hillsboro Indep. Sch. Dist.,* 973 S.W.2d 662, 663–64 (Tex. 1998) (per curiam); *see also Narvaez v. Wilshire Credit Corp.*, 757 F. Supp.2d 621, 634 (N.D. Tex. 2010).

Here, among other damages, Plaintiffs seek "actual damages, out-of-pocket damages, including but not limited to damages for clouding the title/slander of title concerning said residence, harm to credit reputation, credit worthiness, and credit history, mental anguish, emotional distress, anxiety, depression, humiliation, and the value of time lost trying to remedy the problem, against Defendants." Dkt. 8 at page 20., it appears to the Court that Plaintiffs seek damages in excess of the value of the contract and their negligent misrepresentation claims shall remain at this time. If Plaintiffs fail to offer any evidence of damages outside of the contract during summary judgment or trial, their negligent misrepresentation claims will be dismissed. *See, e.g., Deuley v. Chase Home Finance LLC,* 2006 WL 1155230, 3 (S.D. Tex. 2006) ("Therefore, because the Deuleys allege they suffered some type of damages, the Court denies Chase's motion to dismiss at this stage of the proceedings and instead grants its motion for a more definite statement so that the type of damages the Deuleys seek may be determined."). However, construing the factual allegations in a light most favorable to Plaintiffs, the economic loss rule should not bar their claims at this juncture.

Moreover, the Court finds that Plaintiffs have stated facts sufficient to support the underlying negligent misrepresentation claim as to Defendant CitiMortgage. Under Texas law, a claimant alleging negligent misrepresentation must show the following: (1) the representation is made by a

15

defendant in the course of his business, or in a transaction in which the defendant has a pecuniary interest; (2) the defendant supplies "false information" for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers a pecuniary loss by justifiably relying on the representation. *Biggers v. BAC Home Loans Servicing, LP*, 767 F. Supp. 2d 725, 734 (N.D. Tex. 2011) (quoting *Sloane*, 825 S.W.2d at 442) (internal quotations omitted).  Of critical importance here is that, in order to prevail on a claim of negligent misrepresentation in Texas, the misrepresentation at issue must be one of existing fact because "under Texas law, promises of future action are not actionable as a negligent-misrepresentation tort." *De Franceschi v. BAC Home Loans Servicing, L.P.*, 477 Fed. Appx. 200, 205, 2012 WL 1758597, 3 (5th Cir. 2012) (citing *Scherer v. Angell,* 253 S.W.3d 777, 781 (Tex. App. – Amarillo 2007, no pet.)).  In particular, "representations regarding future loan modifications and foreclosure constitute promises of future action rather than representations of existing fact" and will not support a  misrepresentation claim.  *Thomas v. EMC Mortg. Corp.*, 2012 WL 5984943, 3 (5th Cir. 2012) (citing *Scherer v. Angell,* 253 S.W.3d 777, 781 (Tex. App. – Amarillo 2007, no pet.)).

Plaintiffs claim here that: (1) Defendant CitiMortgage and Unknown Defendants represented that they had received certain information, only to request it again, claiming they had not; (2) Defendants represented that Plaintiffs had qualified for a loan modification; (3) in a letter dated August 8, 2012, Defendants represented that they would not foreclose while Plaintiffs were in the loan modification process; and (4) Defendants represented that Plaintiffs had until September 4, 2012 to submit additional paperwork to continue the loan modification process.  Dkt. 8 at ¶ 55.

Plaintiffs further allege that they relied on these representations to their detriment. *Id.*   While any promises to not take an action in the future would not be actionable, Plaintiffs have alleged enough representations of existing fact (i.e. whether the deadline had been extended and whether the application materials had been received) – which if true – could support a claim of negligent misrepresentation against CitiMortgage. *See, e.g., Benchmark Electronics, Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003).

The Court thus finds that the facts stated in Plaintiffs' complaint are sufficient to state a claim for negligent misrepresentation against Defendants and will not be barred by the economic loss doctrine at this time.   The motion to dismiss the negligent misrepresentation claim should be DENIED.

## Suit to Quiet Title and Trespass to Try Title

Next, Defendants move to dismiss Plaintiffs' suit to quiet title and trespass to try title claim. "[A] suit to quiet title "is an equitable action that involves *clearing* a title of an invalid charge against the title." *Cruz v. CitiMortgage, Inc.*, 2012 WL 1836095, 4 (N.D. Tex. 2012) (citing *Longoria v. Lasater,* 292 S.W.3d 156, 165 n. 7 (Tex. App.– San Antonio 2009, pet denied) (quoting *A.I. C. Mgt. v. Crews,* 2005 WL 267667, at *3 n. 8 (Tex. App.– Houston [1st Dist.] 2005), *rev'd on other grounds,* 246 S.W.3d 640 (Tex. 2008)) (emphasis in original)).   In order to succeed on a quiet title action, a plaintiff must show that: (1) he has an interest in property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable. *See Cruz v. CitiMortgage, Inc.*,  2012 WL 1836095, at *4 (N.D. Tex.  2012) (*citing Sadler v. Duvall*, 815 S.W.2d 285, 293 n. 2 (Tex. App. – Texarkana 1991, writ denied)); *U.S. Nat.*

*Bank Ass'n v. Johnson*, 2011 WL 6938507,  *3 (Tex. App.– Houston [1st Dist.] 2011, no pet.) (citations omitted).   A plaintiff "must allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see [that] he or she has a right of ownership that will warrant judicial interference." *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App. – Beaumont 2000, pet. denied).   A plaintiff in a suit to quiet title has a clear burden:

> In a suit to remove a cloud from his title, the plaintiff has the burden of supplying the proof necessary to establish his superior equity and right to relief.   That is, the plaintiff must prove, as a matter of law, right, title, or ownership in himself with sufficient certainty to enable the court to see that he has a right of ownership and that the alleged adverse claim is a cloud on the title that equity will remove.

*Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App. – Houston [1 Dist.] 2009, pet. denied) (internal citations omitted).  *See also Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App. – Corpus Christi 2001, no pet.) ("A plaintiff in a suit to quiet title must prove and recover on the strength of his own title, not the weakness of his adversary's title.").

Plaintiffs must also allege superiority in any trespass to try title claim.   "To prevail in a trespass-to-try-title action, Plaintiff must usually (1) prove a regular chain of conveyances from the sovereign, (2) establish superior title out of a common source, (3) prove title by limitations, or (4) prove title by prior possession coupled with proof that possession was not abandoned." *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004) (citation omitted).

Here, Plaintiffs have alleged that they have title superior to Freddie Mac because the trustee's sale was void because Defendants improperly foreclosed on the property in violation of the Deed of Trust.  *See* Dkt. 8 at ¶ 58.   However, as stated above, Plaintiffs improperly rely on Defendant's lack of authority to foreclose and no facts have been stated that would show that the foreclosure was void.

18

Plaintiffs have not stated claims for suit to quiet title and trespass to try title.  Therefore, the motion to dismiss those claims should GRANTED.

**Declaratory Judgment, Accounting and Attorney's Fees**

Defendants also seek dismissal of Plaintiffs' claim for declaratory judgment, accounting and attorney's fees.  Because the Court has found that Plaintiffs have adequately stated claims under the TDCPA, the Court will not dismiss the claim for attorney's fees at this time.  Similarly, because the Court finds that justiciable issues remain (although the Court notes the majority of issues raised by Plaintiffs in their claim for declaratory judgment have been dismissed), the motion to dismiss the request for accounting and declaratory judgment should be DENIED at this time.

**Claims Against Unknown/John Doe Defendants**

Because Plaintiffs' claims here are asserted mainly against "Defendants" without any notable distinction between the allegations lodged against the two and for the same reasons set forth above, the Court finds that Plaintiffs' RESPA, breach of contract, unreasonable collection efforts, DTPA and TDCPA claims under Sections 392.301(a)(8) and 392.303(a)(2), and suit to quiet title and trespass to try title against the Unknown/John Doe Defendants should be dismissed with prejudice for failure to state a claim.

As to Plaintiffs' negligent misrepresentation claims and TDCPA claims under Sections 392.304(a)(8) and (a)(19), as well as any claims for equitable relief, against the Unknown/John Doe Defendants, the Court will not address whether claims have been stated without hearing from Plaintiff (although it does not appear they have).  The Court finds that they should be dismissed without prejudice for lack of service.  FED. R. CIV. P. 4(m) (if a plaintiff has not effected proper

service within 120 days of the filing of a complaint, a court may either dismiss the action without prejudice or allow additional time for service).

### RECOMMENDATION

Therefore, Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint (Dkt. 12) should be GRANTED as to (1) Plaintiffs' claims of RESPA violations; (2) Plaintiffs' claims of breach of contract and anticipatory breach of contract; (3) Plaintiffs' unreasonable collection efforts claims; (4) Plaintiffs' claims of violations of the Deceptive Trade Practices Act and Texas Debt Collection Practices Act  Sections 392.301(a)(8) and 392.303(a)(2); and (5) Plaintiffs' suit to quiet title and trespass to try title against all Defendants and those claims should be dismissed with prejudice for failure to state a claim.  Defendants' motion should be DENIED as to (1) Plaintiffs' TDCPA claims against Defendants CitiMortgage and Freddie Mac under Sections 392.304(a)(8) and (a)(19) of the Texas Finance Code; (2) Plaintiffs' claims of negligent misrepresentation against Defendants CitiMortgage and Freddie Mac;  and (3) Plaintiffs' claims for declaratory judgment, an accounting of all transactions on their mortgage loan, and attorneys' fees against Defendants CitiMortgage and Freddie Mac, and those claims shall proceed herein.

Finally, Plaintiffs' negligent misrepresentation claim and Plaintiffs' TDCPA claims under Sections 392.304(a)(8) and (a)(19) of the Texas Finance Code, as well as any equitable claims, against the Unknown Defendants should be dismissed without prejudice.

 Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge.  28 U.S.C.A. § 636(b)(1)(C).

Failure to timely file written objections to the proposed findings and recommendations contained in this report shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 14th day of August, 2013.**


_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE

21