IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JACKSON STALLINGS and | § | |
| SHEILA STALLINGS, | § | |
|     Plaintiffs, | § | |
| | § | |
| VS. | § | Case No. 4:12-cv-00632 |
| | § | |
| CITIMORTGAGE, INC., FEDERAL HOME | § | |
| LOAN MORTGAGE CORP., and | § | |
| UNKNOWN PARTIES, | § | |
|     Defendants. | § | |

**MEMORANDUM OPINION, ORDER AND REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court are Defendants' Motion for Summary Judgment (Dkt. 29) and Defendants' Objections to and Motion to Strike Plaintiffs' Summary Judgment Evidence (Dkt. 44). As set forth below, the Court finds that the motion to strike should be DENIED and the motion for summary judgment should be GRANTED.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

This case involves Plaintiffs Jackson and Sheila Stallings's June 2000 purchase of a home located at 2453 Breanna Way in Little Elm, Texas ("the Property"). On or about March 8, 2002, Plaintiffs refinanced their mortgage loan and signed a Promissory Note ("Note") payable to Principal Residential Mortgage, Inc. secured by a Deed of Trust. According to Plaintiffs, in August 2011, Mortgage Electronic Registration System, Inc. ("MERS"), as nominee for Principal Residential Mortgage, Inc, then assigned the Note and Deed of Trust to Defendant CitiMortgage, Inc. Plaintiffs

1

claim that, due to economic difficulties, they were unable to stay current on their mortgage payments.

After some delinquent payments were rejected and returned, Plaintiffs applied for a loan modification. Plaintiffs claim that, from October 2011 until August 2012, they contacted Defendants about a repayment plan but were not successful. The Property was ultimately foreclosed upon on August 7, 2012.

After Plaintiffs filed suit and the case was removed to this Court, the Court dismissed with prejudice many of Plaintiffs' claims, including Plaintiffs' claims of RESPA violations, Plaintiffs' claims of breach of contract and anticipatory breach of contract, Plaintiffs' unreasonable collection efforts claims, Plaintiffs' claims of violations of the Deceptive Trade Practices Act and Texas Debt Collection Practices Act Sections 392.301(a)(8) and 392.303(a)(2), and Plaintiffs' suit to quiet title and trespass to try title claims. *See* Dkts. 28 & 36.

The Court declined to dismiss Plaintiffs' TDCPA claims against Defendants CitiMortgage and Freddie Mac under Sections 392.304(a)(8) and (a)(19) of the Texas Finance Code, Plaintiffs' claims of negligent misrepresentation against Defendants CitiMortgage and Freddie Mac, and Plaintiffs' claims for declaratory judgment, an accounting of all transactions on their mortgage loan, and attorneys' fees against Defendants CitiMortgage and Freddie Mac. The Court now determines whether there exist genuine issues of material fact as to any of the remaining claims.

**MOTION FOR SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, there is no genuine issue of material fact and

the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Hunt v. Cromartie*, 526 U.S. 541, 549, 119 S. Ct. 1545, 143 L. Ed.2d 731 (1999). The appropriate inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986).

The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel,* 274 F.3d 984, 991 (5th Cir. 2001). In sustaining this burden, the movant must identify those portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2553, 91 L. Ed.2d 265 (1986). The moving party, however, "need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant's burden is only to point out the absence of evidence supporting the nonmoving party's case. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996).

In response, the nonmovant "may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Anderson*, 477 U.S. at 255-57, 106 S. Ct. at 2513-14). Once the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the

pleadings and designate specific facts in the record to show that there is a genuine issue for trial. *Stults*, 76 F.3d at 655. The citations to evidence must be specific, as the district court is not required to "scour the record" to determine whether the evidence raises a genuine issue of material fact. E.D. TEX. LOCAL R. CV-56(d). Neither "conclusory allegations" nor "unsubstantiated assertions" will satisfy the nonmovant's burden. *Stults*, 76 F.3d at 655.

**ANALYSIS**

In support of their motion, Defendants have submitted the following summary judgment evidence: (A) Declaration of Daniel J. Alvarez; (A1) copy of the Note dated March 8, 2002; (A2) copy of the Deed of Trust dated March 8, 2002; (A3) copy of the Notice of Transfer of Servicing dated December 23, 2004; (A4) copy of the Certificate of Merger between Principal Residential Mortgage, Inc. and CitiMortgage, Inc.; (A5) copy of the Assignment of Deed of Trust dated August 5, 2011; (A6) copies of notices of default sent by CitiMortgage to Plaintiffs in 2010; (A7) copies of notices of default sent by CitiMortgage to Plaintiffs in 2011; (A8) copy of a letter from Brittney Conley dated October 14, 2011; (A9) copy of a HAMP loan modification letter from CitiMortgage to Plaintiffs dated July 17, 2012; (A10) copy of a loss mitigation letter sent by CitiMortgage to Plaintiffs, dated July 20, 2012; (A11) copy of August 2, 2012 letter CitiMortgage sent to Plaintiffs requesting documents for a loan modification review; (A12) copy of the Substitute Trustee's Deed; (B) Declaration of Janice Vesella; (B1) copies of the 2011 foreclosure notices sent by HWA to Plaintiffs; (B2) copies of the letters sent by HWA to Plaintiffs, dated December 14, 2011, regarding loss mitigation options; (B3) copies of Notice of Sale sent by HWA to Plaintiffs, dated July 16,

4

2012; (C) copies of excerpts of the deposition of Jackson Stallings, along with exhibits from the deposition; (C1) copies of notices of default that CitiMortgage sent to Plaintiffs in 2011; (C2) copies of the letters that HWA sent to Plaintiffs, dated September 30, 2011 regarding loan's payoff amount; (C3) copy of a letter CitiMortgage sent to Plaintiffs on October 6, 2011 returning a $1,500.00 payment; (C4) copies of letters describing loss mitigation options that CitiMortgage sent to Plaintiffs on July 18, 2011 and October 13, 2011; (C5) copy of a letter dated February 9, 2012 in which CitiMortgage informed Plaintiffs that their loan modification application was denied; (C6) copies of loss mitigation letters from CitiMortgage to Plaintiffs dated April 5, 2012, May 3, 2012, June 22, 2012, and July 11, 2012; (C7) copies of the Notice of Sale that HWA sent to Plaintiffs, dated July 16, 2012; (C8) copy of loan modification denial letter, dated August 8, 2012, that CitiMortgage sent to Plaintiffs; (C9) copy of letter CitiMortgage sent to Plaintiffs, dated August 10, 2012, that informed Plaintiffs their loan modification had been denied; (D) copies of excerpts of the deposition of Sheila Stallings, along with exhibits from the deposition; (D1) copy of loan modification denial letter, dated August 9, 2012, that CitiMortgage sent to Plaintiffs. *See* Dkts. 29-1 – 29-8.

In response, Plaintiffs have submitted the following evidence: (1) Affidavit of Jackson Stallings; (1A) Deed of Trust; (1B) Assignment of Deed of Trust; (1C) Substitute Trustee's Deed; (1D) Notice of Substitute Trustee's Sale on August 7, 2012; (1E) email exchange with Brittney Conley; (1F) August 2, 2012 letter from Citimortgage; (1G) August 8, 2012 letter from Citimortgage; (1H) August 10, 2012 letter from Citimortgage; (2) excerpts from the Deposition of Jackson Stallings; and (3) excerpts from the Deposition of Sheila Stallings. *See* Dkts. 39-1 – 39-3.

**Defendants' Motion to Strike**

Defendants have objected to portions of the Affidavit of Jackson and portions of the deposition of Jackson Stallings attached to Plaintiffs' summary judgment response. The Court has considered all of the evidence offered by both sides, and there is no fact issue present. Because the Court finds that Plaintiffs have failed to demonstrate a genuine issue of material fact — even assuming all of their statements were admissible — there is no need for the Court to address each of Defendants' evidentiary objections. Therefore, as to the summary judgment analysis, Defendants' Objections to and Motion to Strike Plaintiffs' Summary Judgment Evidence (Dkt. 44) is DENIED without prejudice to Defendants later reurging any evidentiary objections as is appropriate and necessary.

The Court now turns to Plaintiffs' remaining claims in this suit.

**Violations of the Texas Debt Collection Practices Act**

The Court previously found that Plaintiffs' amended complaint sufficiently stated violations of Sections 392.304(a)(8) and 392.304(a)(19) of the Texas Debt Collections Practices Act.

Section 392.304(a)(8) of the Texas Finance Code prohibits misrepresenting the character, extent or amount of consumer debt, and Section 392.304(a)(19) prohibits the use of false representations or deceptive means to collect a debt or obtain information concerning a consumer. The Fifth Circuit has recently made clear that, "[t]o constitute a misrepresentation under this provision, the defendant must have made a false or misleading assertion." *Massey v. EMC Mortg. Corp.*, 2013 WL 5913753, 3 (5th Cir. 2013) (internal quotation omitted). More importantly, in

order to constitute a TDCA violation – under either (a)(8) or under (a)(19) – there must be an "affirmative statement" that was false or misleading. *Verdin v. Federal Nat. Mortg. Ass'n*, 2013 WL 4126785, 3 (5th Cir. 2013) (lender's statement "not to worry about the foreclosure," was not an affirmative statement that it would forgo foreclosure and therefore did not constitute a violation of TDCA).

The Court has reviewed the summary judgment record in its entirety. The only summary judgment evidence in the record that would create a fact issue as to an affirmative statement that is false or misleading is an August 2, 2013 "Urgent Notice" from CitiMortgage giving Plaintiffs until September 4, 2012 – a deadline after the August 7, 2012 foreclosure – to submit additional documents in the loan modification process. *See* Dkt. 39-1. Such a statement is affirmatively misleading as to the loan modification process since the home was foreclosed on just days after the date of the letter and before the extended deadline to submit materials had passed. It is not, however, a misrepresentation as to the character, extent, amount or status of the debt owed by Plaintiffs under the Note. The Fifth Circuit has construed the TDCA very narrowly, and promises regarding loan modifications and delayed foreclosure are not enough to constitute a violation of Section 392.304(a)(8). *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 723 (5th Cir. 2013). Given the clear directive from the Fifth Circuit, and because there is no summary judgment evidence to show that Plaintiffs were not aware that they had a debt, the amount they owed on the debt, or that they had defaulted on their loan, their claim under Section 392.304(a)(8) fails. *See id.* ("... the Millers always were aware (i) that they had a mortgage debt; (ii) of the specific amount that they

owed; (iii) and that they had defaulted.  Nothing in the Millers' allegations suggests the BAC led them to think differently with respect to the character, extent, amount, or status of their debt—only that BAC promised to send them a loan modification application and to delay foreclosure.").

Similarly, as to the allegation that Defendants violated Section 392.304(a)(19) of the TDCA, there is no evidence in the record that Defendants used the August 2, 2012 "Urgent Notice" to collect or obtain any information about Plaintiffs.  Indeed, as it is alleged by Plaintiffs, what makes the "Urgent Notice" troubling is that Defendants did ***not*** obtain the information requested before proceeding with foreclosure.  As to the other course of correspondence between Plaintiffs and CitiMortgage representative Brittney Conley – of which the summary judgment record does contain evidence – there has been no showing that any of the requests by Conley on behalf of CitiMortgage were false representations regarding the contents of Plaintiffs' loan file or false representations regarding the information required for the loan modification program.  Notably, CitiMortgage's requests and Plaintiffs' submissions occurred over a period of months.  There is nothing in the summary judgment record that creates a fact issue as to Defendants' contention that, because of the time that had passed, certain loan modification documents expired or had to be made current.  *See* Dkt. 39-1.  Requiring Plaintiffs to submit their financial information multiple times causing a delay in the loan application process is not enough to create a fact issue as to a TDCA violation.  *Bracken v. Wells Fargo Bank, N.A.*, __ F. Supp. 2d. __ 2014 WL 31778, 7 (E.D. Tex. 2014) (Schell, J.).  The summary judgment record simply creates no fact issues regarding any false representations or use of deceptive means by Defendants to collect a debt or obtain information from Plaintiffs.  Summary

8

judgment should be granted for Defendants as to Plaintiffs' claim under Section 392.304(a)(19).

**<u>Neligent Misrepresentation</u>**

The Court next turns to Plaintiffs' claim of negligent misrepresentation. Under Texas law, a claimant alleging negligent misrepresentation must show the following: (1) the representation is made by a defendant in the course of his business, or in a transaction in which the defendant has a pecuniary interest; (2) the defendant supplies "false information" for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers a pecuniary loss by justifiably relying on the representation. *Biggers v. BAC Home Loans Serv., LP*, 767 F. Supp. 2d 725, 734 (N.D. Tex. 2011) (quoting *Sloane*, 825 S.W.2d at 442).

As noted above, the Court finds that, when read in conjunction with the other summary judgment evidence, the August 2, 2012 "Urgent Notice" from Citimortgage could create a fact issue as to certain representations made by Defendants and whether they were misleading or false. The Court further finds that the summary judgment evidence record could create a fact issue as to whether Defendants used reasonable care in handling the loan modification and foreclosure processes.

Nonetheless, the Court need not address the purported misrepresentations in great detail because, even assuming that Plaintiffs could demonstrate a genuine issue of material fact as to the first three elements of their negligent misrepresentation claim, there is an insufficient fact issue as to their damages. And, significantly, Plaintiffs cannot survive the application of the economic loss

9

rule.

As the Court has previously noted in this case, the economic loss doctrine has been applied consistently to bar claims for negligence and other tort claims when the parties' relationship and its attendant duties arise from a contract. *See Southwestern Bell Tel. Co. v. Delanney* 809 S.W.2d 493, 494-95 (Tex. 1991) ("if the defendant's conduct . . . would give rise to liability only because it breaches the parties' agreement, the plaintiff's claim ordinarily sounds only in contract," and affirming dismissal of negligence claims based on breach of contractual duty); *see also Hugh Symons Group v. Motorola, Inc.,* 292 F.3d 466, 470 (5th Cir. 2002) (citing *Haase v. Glazner,* 62 S.W.3d 795, 799 (Tex. 2002)) (a plaintiff generally "may not recover in tort for claims arising out of an unenforceable contract under the statute of frauds."). In Texas, a plaintiff must show an injury independent from the subject matter of the contract to recover for negligent misrepresentation. *D.S.A., Inc. v. Hillsboro Indep. Sch. Dist.,* 973 S.W.2d 662, 663–64 (Tex. 1998) (per curiam); *see also Narvaez v. Wilshire Credit Corp.*, 757 F. Supp.2d 621, 634 (N.D. Tex. 2010).

Plaintiffs' negligent misrepresentation claim survived Defendant's motion to dismiss because Plaintiffs' pleadings alleged "actual damages, out-of-pocket damages, including but not limited to damages for clouding the title/slander of title concerning said residence, harm to credit reputation, credit worthiness, and credit history, mental anguish, emotional distress, anxiety, depression, humiliation, and the value of time lost trying to remedy the problem, against Defendants." Dkt. 8 at page 20. Plaintiffs, however, have failed to offer sufficient summary judgment evidence so as to create a fact issue as to their damages.

Notably, the Affidavit of Jackson Stallings is wholly silent as to damages. *See* Dkt. 39-1. In support of their purported damages, Plaintiffs cite to Jackson Stallings's deposition testimony in which he testified that he had to take time off work (approximately two weeks) during the foreclosure process because he thought he was going to have to vacate the home "right then" and that he suffered "[a] lot of mental, plus the stress" as a result of the foreclosure. *See* Dkt. 39-2 at deposition pages 25, 26, 29 & 122. Plaintiff also testified that the stress caused him to have grey hair and that he passed a kidney stone during the foreclosure process, but he conceded that he did not seek medical treatment for it. *See* Dkt. 39-2 at deposition pages 122 & 124. Further, Plaintiff Jackson Stallings testified that he did not apply for – and was not denied – credit during the foreclosure process, that he has not incurred any expenses for mental health treatment as a result of the foreclosure, and that he has been able to function day to day in a normal way. *See* Dkt. 39-2 at deposition pages 122-124.

Similarly, the only evidence as to Plaintiff Sheila Stallings's damages is less than two pages of deposition testimony in which she states that she has lost money from having to purchase "things to pack, move, attorneys," – although she does not recall and is not able to quantify the amount of money lost – and that she has lost sleep and suffered stress from "not eating, not sleeping, getting sick, having to deal with upset children, not knowing where we were going to live, not knowing what's going to happen next." Dkt. 39-3 at deposition 73-74. Plaintiff concedes that she has not sought any psychiatric or medical help for these stressful conditions and has not applied for or been denied credit since her foreclosure. This deposition testimony – which is general and uncorroborated

by any other summary judgment evidence in the record – is insufficient to create a fact issue as to damages caused by Defendants' alleged misrepresentations.

Plaintiffs are unable to articulate any damages to credit or the value of their lost time. And, as to the allegation of anxiety, stress and worry, Plaintiffs have not offered any other evidence other than conclusory statements regarding grey hair, upset children and loss of sleep. This is not enough to create a fact issue that Defendants' actions caused Plaintiffs' specific non-economic damages. *Sanghera v. Wells Fargo Bank, N.A.*, 2012 WL 555155, 6 (N.D. Tex. 2012) (finding negligent misrepresentation claim barred by economic loss rule where "other than Jagdeep's self-serving affidavit, Plaintiffs have pointed to no evidence that their credit ratings have been damaged" and because "Plaintiffs' alleged loss of title and creditworthiness are economic damages that arise directly from the alleged breach of this contractual relationship."). Nor is it enough to show how any of their alleged "injuries are in no way independent of the subject matter of the deed of trust or note" and the parties' relationship thereunder. *Narvaez v. Wilshire Credit Corp.*, 757 F. Supp.2d 621, 634 (N.D. Tex. 2010).

Plaintiffs were cautioned in this Court's report and recommendation on the motion to dismiss that failure to offer any evidence of damages outside of the contract in responding to a summary judgment motion would result in a dismissal of their negligent misrepresentation claims. *See* Dkt. 28 at 15. There is not sufficient summary judgment evidence here to create a fact issue as to damages. *See Sanchez v. Dallas/Fort Worth Intern. Airport Bd.*, 2011 WL 3667435, 3 (5th Cir. 2011) ("a self-serving affidavit, without more evidence, will not defeat summary judgment.") (citing

*DIRECTV, Inc. v. Budden,* 420 F.3d 521, 531 & n. 49 (5th Cir. 2005)); *BMG Music v. Martinez*, 74 F.3d 87, 91 (5th Cir. 1996) (affirming summary judgment for plaintiffs where "the only evidence in support of the defendants' theory is a conclusory, self-serving statement by the defendant"); *see also United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001) (affirming summary judgment for plaintiff where defendant's only evidence consisted of "self-serving allegations," which "are not the type of significant probative evidence required to defeat summary judgment" (internal quotation marks and citation omitted)). Summary judgment should be GRANTED for Defendants as to the negligent misrepresentation claim.

**Declaratory Judgment, Accounting and Attorney's Fees**

Because Plaintiffs have failed to demonstrate any fact issues as to their remaining TDCA and negligent misrepresentation claims, Plaintiffs' claims for declaratory judgment, accounting and attorney's fees also fail and Plaintiffs should take nothing by them.

### RECOMMENDATION

In the end analysis, the Court finds that the summary judgment record evidences – without significant contravention by Defendants – sloppy business practices and clumsy attempts at loan modification after Plaintiffs' initial default on their home loan. This is not enough, however, to create a fact issue as to any claims Plaintiffs may have.

Defendants' Objections to and Motion to Strike Plaintiffs' Summary Judgment Evidence (Dkt. 44) is DENIED, and the Court recommends that Defendants' Motion for Summary Judgment (Dkt. 29) be GRANTED for Defendants, that Plaintiffs take nothing by any of their remaining claims

here, and that the matter be closed on the Court's docket.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge as to the motion for summary judgment. 28 U.S.C.A. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.; Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 7th day of February, 2014.**

                                                             _____
                                                             DON D. BUSH
                                                             UNITED STATES MAGISTRATE JUDGE